UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

DUSTIN ALLEN JENNINGS                                                    PETITIONER
Reg #53228-074

V.                              No. 2:22-CV-130-JTR

JOHN P. YATES, Warden,
FCI-Forrest City                                                          RESPONDENT

## MEMORANDUM OPINION AND ORDER[1]

Pending before the Court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *Doc. 1*. Petitioner Dustin Allen Jennings ("Jennings") challenges the calculation of his First Step Act Earned Time Credits ("FSA Earned Time Credits"). For the reasons set forth below, the Court denies and dismisses Jennings's habeas Petition without prejudice.

### I.    Background and Procedural History

Jennings filed this Petition on July 18, 2022, and asked this Court to direct the Bureau of Prisons ("BOP") to correctly calculate his earned time credits pursuant to the FSA. *Doc. 1 at 2*. According to Jennings, he has earned "2,325 days of [FSA Earned Time Credit] for a total of 1,162.5 days of actual time" off his sentence. *Doc.*

---

[1] By written consent of the parties, this case was referred to a United States Magistrate Judge to conduct all proceedings and order the entry of a final judgment, in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. *Doc. 13*.

*1 at 1–2.* Jennings filed his habeas Petition while incarcerated at FCI-Forrest City, a federal facility in Forrest City, Arkansas operated by the BOP. As of April 18, 2023, it appears that Jennings is in pre-release custody supervised by the Nashville Residential Reentry Management ("RRM") field office, and, according to the BOP, Jennings's release date is November 4, 2023.[2]

On October 12, 2022, Warden John P. Yates filed a Response. Yates requests a dismissal of Jennings's claims because Jennings failed to exhaust his administrative remedies. *Doc. 14 at 11–12.* According to Yates, Jennings failed to file any administrative remedy requests related to his FSA Credits. *Id.* at 12. Jennings's Reply, filed on December 2, 2022, does not dispute Yates's factual contention regarding his administrative remedy requests. Instead, Jennings asks this Court to excuse his failure to exhaust because exhaustion of administrative remedies is futile, unnecessary, and would defeat the ends of justice in this case. *Doc. 18 at 22–24.*

## II. Discussion

For the reasons discussed below, the Court finds that it lacks jurisdiction over this case. Additionally, the Court declines to transfer this case to the proper district because: (1) Jennings's Petition is not time-barred; (2) the proper court would likely

---

[2] *Inmate Locator*, BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited April 18, 2023).

dismiss due to Jennings's failure to exhaust administrative remedies; and (3) the proper court will likely reject the merits of Jennings's claims. Accordingly, the Court dismisses Jennings's § 2241 Petition without prejudice.

**A. The Court Lacks Jurisdiction Over Jennings's § 2241 Petition.**

Jennings is currently in pre-release custody supervised by the Nashville RRM field office. Because Jennings's custodian is not within the jurisdiction of this Court, the Court lacks jurisdiction over Jennings's habeas claims.

The proper respondent to a § 2241 petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242. Accordingly, "[t]he writ, or order to show cause shall be directed to the person having *custody* of the person detained." 28 U.S.C. § 2243 (emphasis added). "[T]here is generally only one proper respondent to a given prisoner's habeas petition" and "the default rule is that the proper respondent is the warden of the facility *where the prisoner is being held*." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (emphasis added); *see also United States v. Monteer*, 556 F.2d 880, 881 (8th Cir. 1977) ("[h]abeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court"). Questions of territorial jurisdiction become less clear when a habeas petitioner is transferred during the pendency of the litigation. *Jones v. Hendrix*, No. 2:20-CV-00247-ERE, 2021 WL 2402196, at *2 (E.D. Ark. June 11, 2021). In *Jones*, a habeas petitioner initiated his action while incarcerated at FCI-Forrest City. *Id.* at *1. After

3

the petitioner initiated his action and named the FCI-Forrest City warden as the respondent, the BOP moved the petitioner to a federal facility in Texas. *Id.* Relying on *Padilla*, the *Jones* court found that it did not have jurisdiction over the habeas Petition because the BOP transferred the petitioning inmate to Texas, and the court "lack[ed] jurisdiction over the warden of a Texas federal prison." *Id.* at *2.

In this case, Jennings named the warden of FCI-Forrest City as the Respondent. However, at some point after he filed his habeas Petition, the BOP transferred Jennings out of the Eastern District of Arkansas and into the custody of Nashville RRM. This Court lacks jurisdiction over the custodian associated with Nashville RRM. In short, because Jennings is no longer incarcerated in the Eastern District of Arkansas, this Court lacks jurisdiction to consider his § 2241 habeas Petition.

While the Court could exercise its discretionary power to transfer Jennings's Petition, for the reasons set forth below, the Court declines to transfer this case.

**B. The Court Declines to Transfer Pursuant to 28 U.S.C. § 1631.**

The Court retains discretionary authority to *sua sponte* transfer this case and cure Jennings's procedural defect. 28 U.S.C. § 1631. The Court should exercise discretion to transfer only "if it is in the interest of justice" to do so. *Id.* A transfer under § 1631, rather than dismissal, is appropriate "when a plaintiff in good faith filed in the wrong court and the statute of limitations would have run before he could

4

refile properly." *Gunn v. United States Dept. of Agriculture*, 118 F.3d 1233, 1240 (8th Cir. 1997) (citing *In re Apex Oil Co.,* 884 F.2d 343, 346 (8th Cir. 1989); *Hempstead County & Nevada County Project v. United States E.P.A.,* 700 F.2d 459, 463 (8th Cir. 1983)). If a time bar *does not* prevent the refiling of a petition, this fact weighs against judicial transfer. *Caple v. Doe*, No. 4:22-CV-00601-LPR-ERE, 2022 WL 18106998, at *2 (E.D. Ark. July 18, 2022), *report and recommendation adopted*, No. 4:22-CV-00601-LPR, 2023 WL 23816 (E.D. Ark. Jan. 3, 2023) (citing *Hempstead County & Nevada County Project*, 700 F. 2d 459).

Additionally, the § 1631 transfer analysis requires a "sneak-peek" examination of the merits. *Caple*, 2022 WL 18106998, at *2–3. A court must examine a petition's possible merits because "whether the suit has any possible merit bears significantly on whether the court should transfer or dismiss it." *Id.* (quoting *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999)). Thus, it is "completely appropriate to 'take a peek' at the merits, solely for the purpose of determining whether to transfer or dismiss the case." *Id.* at *3.

Applying these considerations to Jennings's case, the Court declines to transfer the case for three reasons. First, no time bar applies to Jennings's claims. This factor requires no further analysis. Second, Jennings failed to exhaust his administrative remedies, and the transferee court is unlikely to reach the merits of

his claims. Third, even if the transferee court reaches the merits of Jennings's claims, Jennings's claims will likely fail.

### 1. Jennings Did Not Begin or Exhaust the Administrative Grievance Process.

The BOP has a four-step administrative exhaustion process for resolving inmate grievances: (1) a prisoner must submit an informal resolution with prison staff; (2) if the informal resolution is denied, a prisoner must submit a formal grievance to the Warden, on form BP-9; (3) if the formal grievance is denied, a prisoner must file an appeal of the Warden's decision to the appropriate Regional Director, on form BP-10; and (4) if the appeal is denied, the prisoner must challenge the Regional Director's decision by taking a final appeal to the General Counsel, on form BP-11. *See* 28 C.F.R. § 542.13–542.18.

A federal inmate normally must exhaust his administrative remedies before seeking habeas relief under 18 U.S.C. § 2241. *Mathena v. United States,* 577 F.3d 943, 946 (8th Cir. 2009). However, as the requirement is judicially created and not mandated by statute, "sound judicial discretion governs" its application. *McCarthy v. Madigan*, 503 U.S. 141, 144 (1992) (citations omitted); *see also Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007) (noting that the exhaustion requirement for a

§ 2241 petition is judicially created, not jurisdictional).[3] Because exhaustion is not jurisdictional, courts may create exceptions to the exhaustion requirement. *Frango v. Gonzales*, 437 F.3d 726, 728–29 (8th Cir. 2006). For example, habeas petitioners may be excused from the exhaustion requirement if such process would be an exercise in futility. *See Elwood v. Jeter*, 386 F.3d 842, 844 n. 1 (8th Cir. 2004); *see also Pillow v. Bureau of Prisons*, No. 4:22-CV-00713-PSH, 2022 WL 13892877, at *5 (E.D. Ark. Oct. 21, 2022) (finding that it would be futile for an inmate to exhaust remedies when the inmate's release date was two weeks away).

In this case, Respondent Yates contends that Jennings failed to exhaust his administrative remedies. *Doc. 14 at 11–12*. Yates relies on the Declaration of Rashonda J. Smith ("Smith"), an Associate Warden's Secretary at FCI-Forrest City. Smith's Declaration states that Jennings "filed no Administrative Remedy Requests regarding First Step Act Time Credits." *Doc. 14-1 at 5*. Smith supports her statement with an Administrative Remedy Generalized Retrieval. *Doc. 14-1 at 12*. This

---

[3] The Eighth Circuit has recognized that this judicially created exhaustion requirement promotes several purposes:

> (1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level.

*Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976) (citing *McKart v. United States*, 395 U.S. 185, 194–195 (1969)).

document demonstrates that Jennings filed a single administrative grievance while incarcerated. *Id.* Yates correctly points out that Jennings's single grievance related to a disciplinary hearing—not the application of earned time credits. *Id.* Jennings's Reply did not refute this fact. Instead, Jennings asks that the Court waive the exhaustion requirement. *Doc. 18 at 22–23*.

In this case, Jennings failed to exhaust his administrative remedies and does not dispute this fact. While Jennings alleges that proper application of his earned time credits renders him "eligible for immediate release," whether Jennings is entitled to immediate release depends on facts best developed in the administrative process. Additionally, Jennings alleges that he is eligible for immediate release pursuant to his own self-serving calculation. This single allegation does not rise to the level of futility where: (1) a court lacks the benefit of any administrative record; and (2) Jennings's projected release date is several months away. While the administrative grievance process takes time, Jennings can begin and finish the

process before his November 4, 2023 projected release date.[4] Because the proper court is unlikely to reach the merits of Jennings's case, the Court declines to transfer this habeas Petition.

### 2. The Petition's Substantive Claims Likely Fail on the Merits.

Substantively, Jennings seeks application of his FSA Earned Time Credits according to his own self-serving calculation. *Doc. 1 at 7–8*. His calculation includes multiple time credits earned per calendar day. Even if the proper Court addresses Jennings's FSA claims on the merits—and excuses his obvious failure to *even begin* the grievance process, let alone exhaust it—the Court notes that his calculation claims have "no support in either the applicable statutory language or the legislative history of either the FSA or the BOP rules." *Burruss v. Hawkins*, No. CV H-22-2740, 2023 WL 319955, at *6 (S.D. Tex. Jan. 19, 2023) (addressing a similar claim

---

[4] *Tensley v. Outlaw* outlined the timeline for BOP's administrative grievance process, as reproduced below:

> At the first formal step, the Warden has twenty days to consider a petitioner's appeal. At the second step, the Regional Director has thirty days to consider an appeal. At the final step, the Office of General Counsel has forty days to consider the appeal. At each step, the Warden, Regional Director, and General Counsel may grant themselves extensions of twenty, thirty, and twenty days, respectively. These officials may grant themselves extensions for any reason. . . . [and] [w]ithout extensions, it would take Petitioner a minimum of ninety days to complete the administrative process. This does not include time necessary to prepare and deliver an appeal, or to receive responses to the appeal. With one extension at each level, the process would take one-hundred-sixty days, which is in excess five months.

*Tensley v. Outlaw*, No. 2:10-CV-00014-BD, 2010 WL 2671782, at *1 (E.D. Ark. July 2, 2010).

for multiple FSA Credits per day but dismissing the § 2241 habeas petition on separate grounds).[5] Jennings's substantive claims appear meritless.

Jennings did not exhaust his administrative remedies, and his substantive claims appear meritless after the Court's non-binding review. Accordingly, the Court declines to exercise its discretion under § 1631 and transfer this case. Instead, the Court dismisses Jennings's habeas Petition without prejudice.

### III. Conclusion

IT IS THEREFORE ORDERED THAT Petitioner Dustin Allen Jennings's Petition for Writ of Habeas Corpus (*Doc. 1*) is DENIED and DISMISSED, without prejudice.

DATED this 20th day of April, 2023.

                                                _____
                                                UNITED STATES MAGISTRATE JUDGE

---

[5] This Court's merits inquiry, made solely for the purpose of deciding whether to transfer the case, is neither a final ruling nor binding on future courts. Jennings remains free to file a § 2241 petition in the proper district.